AARON WARD & SONS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31568.   Promulgated August 5, 1931.

*John A. Conlin, C. P. A.*, for the petitioner.
*C. Clinton James, Esq.*, as *amicus curiae.*
*Brooks Fullerton, Esq.*, for the respondent.

1280

OPINION.

GOODRICH: There is but one issue in this case, namely, whether there should be included in petitioner's taxable income for the year 1924 the sum of $32,839, which is the excess of the amount received by petitioner from the Association upon the withdrawal of its investment therein, over the amount paid in by petitioner on account of its membership fee and stock subscription in the Association.

Petitioner contends that this amount is a dividend from a domestic corporation and that as such it is exempt from taxation in the hands of a corporate recipient under the provisions of section 234 (a) (6) of the Revenue Act of 1924. It urges further that the partial exemption from taxation of dividends or interest from a building and loan association in the hands of an individual recipient applies also to such payments in the hands of a corporate recipient.

Respondent admits that if this sum represents an ordinary dividend, it is a dividend from a domestic corporation and so exempt from tax under the above cited statutory provisions. He denies

however that it is a dividend and in his deficiency notice asserts that it is a payment of interest. He contends further that the statutory exemption of dividends or interest from such an Association is limited strictly to "individuals" by section 213 (b) (1) of the Revenue Act of 1924 and that therefore a corporation, although included in the term "person," is not entitled to the benefits thereof.

It is first necessary to determine the exact character of the payment received by petitioner from the Association. Was the excess beyond its subscription payments which petitioner received a dividend upon the stock it purchased, or was it interest upon deposits made with the Association? At the outset we must note the difference which generally exists between so-called shares of stock of a building and loan association and stock of an ordinary commercial corporation. In the former, when a member has completed payment of the amount for which he subscribed, by payment of the periodical installments or dues, his shares are then automatically canceled and may be reissued to him or to another member on the same terms. And, at that time, he may withdraw all dues paid by him, together with his pro rata share of the net profits, if any, earned by the Association during the period of his membership. In the ordinary commercial corporation, the stock is issued to the subscriber when he has completed his subscription payments. He then begins to participate fully in the earnings of the corporation as distributions thereof are made in the form of dividends, and this continues until the corporation is dissolved, whereupon he is entitled to a pro rata share in the net assets of the corporation. We must determine, then, the nature of this Association, its method of operation, and the rights and privileges of its stockholders or members, and for this purpose rely upon the constitution of the Association, and the amendments thereto, the material provisions of which we have outlined in our findings of fact.

Under these provisions it is obvious that by completing payment of his stock subscription, a member becomes entitled, not to any interest in the assets of the corporation, but only to a pro rata share of the net profits of the corporation, earned during the life of his membership. It is obvious also that this increase, if any, upon the amount of his subscription payments is not in the nature of interest upon his payments, for it accrues at no fixed rate and, indeed, may not accrue at all should the corporation fail to make a profit from its operations during the term of the membership. (See *Fidelity Savings & Loan Association*, 23 B. T. A. 1059.) It is our opinion, therefore, that the sum of $32,839 received by petitioner from the Association in excess of the amounts paid in by petitioner on account of its membership fee and stock subscription, was a dividend received from

a domestic corporation and, as such, should not be included in determining petitioner's taxable income for the year 1924.

The case at bar is clearly controlled by the decisions of the United States Supreme Court in *Cary* v. *Savings Union*, 22 Wall. 38, and by *Doan Savings & Loan Co.*, 12 B. T. A. 772, and *Guaranty State Savings & Loan Co.*, 14 B. T. A. 72, heretofore decided by this Board.

Under the view which we take of this case it becomes unnecessary to decide whether the statutory exemption of dividends or interest from a building and loan association applies when in the hands of a corporate recipient.

*Judgment will be entered for petitioner.*